UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DOUGLAS CARROLL TIGNOR**  **#11217-084** | **CIVIL NO.  2:13-CV-1255**  **SECTION P** |
| **VERSUS** | **JUDGE MINALDI** |
| **CHARLES MAIORANA** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the application for writ of habeas corpus under 28 U.S.C. § 2241 [doc. 1] filed by *pro se* petitioner Douglas Tignor ("Tignor").  Tignor is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), and he is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ('FCIO").  Tignor names Charles Maiorana as respondent herein.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the petition should be **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

In 1991, a Grand Jury in Wise County, Virginia, issued a five count indictment charging Tignor with various drug related offenses.  Doc. 1, att. 3, pp. 2–3.  Tignor pled guilty to the charges and was sentenced to a 20-year term of imprisonment with 13 years suspended. *Id.* at 4–7. The plea agreement noted that Tignor was a first time offender and was eligible for parole

-1-

after serving one-sixth of his time. *Id.* at 5–6, ¶ 8. The term of probation would not exceed three years. *Id.* at 6, ¶ 9.

After completing the Virginia sentence, Tignor was re-arrested and indicted in the U.S. District Court, Western District of Virginia, Big Stone Gap Division. *Id.* at 4. Tignor pled guilty pursuant to a written plea agreement to one count of possessing a firearm as a convicted felon and as an illegal user of controlled substances in violation of 18 U.S.C.A. § 924(g) and (e). *Id.* at 12. He was sentenced to 188 months imprisonment and five years of supervised release. *United States v. Tignor*, 2:05-cr-16, doc. 40 (W.D. Va., Big Stone Gap Div.) In exchange for his guilty plea, the United States attorney dismissed the following counts: (1) distribution of a controlled substance; and (2) using or carrying a firearm during and in relation to drug trafficking. *Id.*

Tignor did not initially appeal his conviction or sentence. Rather, after he began his federal incarceration, Tignor filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Tignor v. United States*, No. 7:07-cv-75 (W.D. Va., Roanoke Div.). Tignor's motion was denied by the Virginia District Court on October 19, 2007. *Id.*

In the current *habeas* petition, Tignor asserts that he is actually innocent of the Armed-Career-Criminal offenses to which he pled guilty in 2005. Doc. 1, att. 2, pp. 2–4. In support of this contention, Tignor states that he is innocent of four of the five counts reflected in his 1992 guilty plea entered in Wise County, Virginia. *Id.* at 4. Thus, he contends that he had only one previous conviction (not five) at the time that he entered the Armed-Career-Criminal plea in 2005. *Id.* In this regard, Tignor claims that his federal defender rendered ineffective assistance of counsel by allowing him to plead guilty as an armed career offender. *Id.*

Tignor also filed a supplemental memorandum of law [doc. 2] in which he claims that the recent United States Supreme Court cases of *Alleyne v. United States*, 133 S.Ct. 2151 (2013) and *Descamps v. United States*, 133 S.Ct. 2276 (2013) should be retroactively applied to his case.

In sum, Tignor argues: (1) that the federal district court erred in sentencing him as an armed career offender; (2) that he is being falsely imprisoned; (3) that his sentence should be vacated/reversed; and (4) that he should be immediately released or granted a new trial.

## II. LAW AND ANALYSIS

### A.  28 U.S.C. § 2241

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the *manner* in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  A Motion to Vacate Sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to *collaterally attack the legality of their convictions or sentences*. See *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).

Here, Tignor collaterally attacks his incarceration, not the execution of his sentence. Tignor argues errors with regard to his federal conviction and challenges the sentence imposed after he entered a guilty plea. Because Tignor is contesting errors occurring prior to or at sentencing, and not the manner in which the sentence is being executed, his claim is more appropriately raised in a § 2255 Motion to Vacate.

### B.  The Savings Clause of 28 U.S.C. § 2255

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences if the "savings clause" of § 2255 is applicable. See *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a federal convict may file a

writ of *habeas corpus* pursuant to § 2241 only if the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

A prisoner seeking relief under the savings clause must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

### C. Lack of Retroactively Applicable Supreme Court Case

Tignor argues that his § 2241 petition falls under the savings clause. Tignor cites two recent Supreme Court cases that he claims should be retroactively applied to his case. Each will be discussed in turn.

Tignor first contends that *Alleyne v. United States*, 133 S.Ct. 2151 (2013), entitles him to relief in this collateral proceeding. Tignor relies on the following holding of *Alleyne* court:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. . . . Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Alleyne*, 133 S.Ct. at 2155 (citation omitted). Based on this holding, Tignor claims that his Sixth Amendment rights were violated because a jury was required to find beyond a reasonable doubt that he was an armed career criminal.

Despite Tignor's contention, there is no indication in *Alleyne* that the Supreme Court made its holding retroactive to cases on collateral review. Although the Fifth Circuit has yet to rule on this issue, other courts have consistently held that *Alleyne* is not retroactive.[1] Furthermore, *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Supreme Court has held that other rules based on *Apprendi* do not apply retroactively to cases on collateral review. *Simpson*, 721 F.3d at 876 (citing *Schriro v. Summerlin*, 542 U.S. 348 (2004). Therefore, there is nothing to suggest that *Alleyne* will be applied retroactively.

Tignor additionally relies upon the Supreme Court's recent decision in *Descamps v. United States*, 133 S.Ct. 2276 (2013). The Supreme Court has clearly stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). The Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review. Therefore, *Descamps* does not provide Tignor relief under § 2241 via the savings clause.

Based on the above, this court is unable to conclude that either *Alleyne* or *Descamps* afford Tignor any relief. He has not shown that his claims are based on a retroactively applicable

---

[1] *See, e.g.*, *Simpson v. United States*, 721 F.3d 875, 875–76 (7th Cir. July 10, 2013); *United States v. Stewart*, 2013 WL 4553349 at *1 (S.D. Miss., Aug. 28, 2013); *Smith v. Holland*, 2013 WL 4735583 at *4 (E.D. Ky., Sept. 3, 2013); *Mingo v. United States*, 2013 WL 4499249 at *2 (W.D. Mich., Aug. 19, 2013); *United States v. Ailsworth*, 2013 WL 4011072 at *1 (D. Kan., Aug. 6, 2013); *United States v. Cantu–Rivera*, 2013 WL 3873281, at 1 (S.D. Tex., July 24, 2013); *United States v. Eziolisa*, 2013 WL 3812087 at * 3 (S.D. Ohio, July 22, 2013); *Carter v. Coakley*, 2013 WL 3365139 at * 4 (N.D. Ohio, July 3, 2013).

Supreme Court decision which establishes that he may have been convicted of a nonexistent offense.

### D. Actual Innocence

*Alleyne* and *Descamps* are not retroactively applicable to this case, and, even if they were, they would not establish Tignor's actual innocence of the underlying, substantive crimes for which he was convicted. "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998). In this case, Tignor has not shown that he was factually innocent of the crimes of which he was convicted.

Further, the Fifth Circuit has consistently disallowed claims of actual innocence of being a career offender under the savings clause. *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011); *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000). A claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction. *Bradford*, 660 F.3d at 230. Thus, Tignor's claim that he is not a career offender is not the type of claim that warrants review under § 2241, and relief under the savings clause is not available. *Bradford*, 660 F.3d at 230.

### III. CONCLUSION

Tignor is unable to carry his burden of proving that his § 2241 petition falls under the savings clause of § 2255, and he may not avail himself of § 2241 relief in this case. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause.

Accordingly, **IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. §2241 should be **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), a party aggrieved by this report and recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 25th day of November, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE